IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

FILED
JAN 2 5 2008
JUDGE AMY ST. EVE
United States District Court

| | | |
|---|---|---|
| C.H. ROBINSON WORLDWIDE, INC., a Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: **08C 0576** |
| v. | ) ) | 08C 0576 EVE |
| JEFFREY R. SIEKMANN, an individual, | ) ) | |
| Defendant. | ) ) ) | MAGISTRATE JUDGE KEYS |

### PLAINTIFF'S MOTION FOR LIMITED, EXPEDITED DISCOVERY AND TO PRESERVE EVIDENCE

Pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, Plaintiff C.H. ROBINSON WORLDWIDE, INC. ("C.H. Robinson") moves this Court for leave to conduct limited, expedited discovery on issues raised by C.H. Robinson in its Emergency Motion for Temporary Restraining Order and Preliminary Injunctive Relief and for an order directing Defendant JEFFREY SIEKMANN ("Siekmann") to preserve all originals and copies of hard copy and electronic evidence, including but not limited to all discs, personal data assistants, hard drives and electronic storage devices in his possession, custody or control to which Siekmann had access and on which C.H. Robinson's information may currently or have previously existed and all electronic mail, electronic mail accounts, and printouts of those emails, in his personal email account. In support of this Motion, C.H. Robinson states as follows:

1. C.H. Robinson has brought this action seeking injunctive and other relief against Siekmann, one of its employees, alleging violations of the Illinois Trade Secrets Act, 765 ILCS 1065/1 *et seq.* and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.* and for breach of contract and conversion.

2.  C.H. Robinson has filed a Verified Complaint and an Emergency Motion For Temporary Restraining Order and Preliminary Injunction which fully detail the facts giving rise to this action. In summary, Siekmann improperly and unlawfully sent in excess of a hundred emails containing highly confidential and proprietary customer information from his C.H. Robinson email account to an outside email account at jsiek@cox.net. There was no valid business purpose for the emails, nor was Siekmann given authorization to email confidential company information to his personal email account. In addition, C.H. Robinson subsequently discovered that Siekmann listed his resume on the Career Builder job search website, suggesting that he was seeking to leave C.H. Robinson and take C.H. Robinson's confidential customer information to another employer.

3.  To present the facts of this case to the Court as completely as possible for purposes of C.H. Robinson's Motion for Preliminary Injunction and to discover the full extent of Siekmann's unlawful activities and the corresponding damage being done or already done to C.H. Robinson, C.H. Robinson must conduct certain limited, expedited discovery. Specifically, C.H. Robinson wishes to obtain documents and other tangible items, conduct a forensic examination of any computers, hard drives or other electronic media storage devices that may contain C.H. Robinson's confidential and proprietary information, inspect Siekmann's personal email accounts for emails sent from his C.H. Robinson email account, and take Siekmann's oral deposition, as well as propound limited interrogatories.

4.  If C.H. Robinson is required to wait to take discovery in the normal course, it will be forced to present its Motion for a Preliminary Injunction on an incomplete record and will continue to suffer irreparable injury while discovery proceeds in the ordinary course. On the

other hand, by allowing expedited discovery, the Court will be in a better position to consider C.H. Robinson's Motion for a Preliminary Injunction.

5.  Rule 26(d) of the Federal Rules of Civil Procedure authorizes this Court to enter an Order permitting expedited discovery, and expedited discovery is appropriate in connection with preliminary injunction motions seeking to prevent irreparable injury. *See Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D. D.C. 1996) ("Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings"); *Edudata Corp. v. Scientific Computers, Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984) (expedited discovery would "better enable the court to judge the parties' interests and respective chances for success on the merits" at a preliminary injunction hearing); *Consumer Sales & Marketing, Inc. v. Digital Equip. Corp.*, 1995 U.S. Dist. LEXIS 13374 (N.D. Ill. Sept. 11, 1995) (extending temporary restraining order and allowing expedited discovery to prepare for preliminary injunction hearing); Advisory Committee Notes to Fed. R. Civ. P. 26(d) ("Discovery can begin earlier . . . in some cases, such as those involving requests for a preliminary injunction . . .").

6.  Here, the limited, expedited discovery C.H. Robinson seeks is simply to require Siekmann to produce certain documents and things, to answer interrogatories, to appear for his deposition, and to permit C.H. Robinson to examine his personal email accounts and his computer and other media storage devices, that may contain C.H. Robinson's confidential and proprietary information.

7.  C.H. Robinson is fully prepared to issue discovery upon entry of an order granting this motion.

8. In addition, in order to allow the Court to effectively and completely evaluate the evidence relevant to this matter, C.H. Robinson respectfully requests an Order preserving all evidence relevant to the determination of C.H. Robinson's claims. This includes, but is not limited to, hard copy or electronic files or documents, computer files, hard drive data, ambient data, electronic mail messages, instant messages, contracts, invoices, and phone logs in Siekmann's custody or control or otherwise available to Siekmann concerning or relevant to the issues set forth in the Verified Complaint.

9. While an Order preserving evidence will not prejudice Siekmann, it will ensure that the Court has all the relevant information available to it as it considers C.H. Robinson's claims and the damage that C.H. Robinson has suffered as a result of Siekmann's conduct.

WHEREFORE, Plaintiff C.H. Robinson Worldwide, Inc. respectfully requests that the Court enter an Order:

a) requiring Siekmann to respond to C.H. Robinson's written discovery within seven (7) days of service;

b) requiring Siekmann to produce for inspection, within seven (7) days, any and all electronic devices that may contain C.H. Robinson's trade secrets and other confidential information, including, but not limited to, any home and work computers, flash drives, PDAs, and other external storage devices;

c) requiring Siekmann to provide access for inspection, within seven (7) days, to his email account at jsiek@cox.net and any other email accounts to which Siekmann has access;

d) requiring Siekmann to appear for his deposition no later than February 15, 2008; and

e) requiring the preservation of all evidence relevant to the facts and circumstances alleged in C.H. Robinson's Verified Complaint.

A proposed Order is annexed as Exhibit A.

Date:  **January 25, 2008**                              Respectfully submitted,

C.H. ROBINSON WORLDWIDE, INC.

By: _____
One of Its Attorneys

Michael D. Wexler
Janet V. Siegel
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 460-5000

CH1 11399266.1

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| C.H. ROBINSON WORLDWIDE, INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>JEFFREY R. SIEKMANN, an individual,<br><br>    Defendant. | Case No.: _____<br><br>[PROPOSED] ORDER GRANTING LIMITED EXPEDITED DISCOVERY AND TO PRESERVE EVIDENCE |

## ORDER

Upon consideration of Plaintiff's, C.H. ROBINSON WORLDWIDE, INC. ("C.H. Robinson"), Motion for Limited, Expedited Discovery and to Preserve Evidence and any opposition thereto, and having heard the arguments of counsel,

IT IS HEREBY ORDERED:

1. C.H. Robinson's Motion for Limited, Expedited Discovery and to Preserve Evidence is GRANTED and C.H. Robinson is permitted to conduct discovery prior to the time specified in the Federal Rules of Civil Procedure Rule 26 for the purpose of developing evidence related to C.H. Robinson's Motion for Preliminary Injunction.

2. In particular, Defendant Jeffrey Siekmann shall respond to C.H. Robinson's written discovery within seven (7) days of service. Defendant is hereby ordered to appear for his deposition no later than February 15, 2008.

3. Further, Defendant shall produce for inspection, within seven (7) days of entry of this Order, any and all electronic devices that may contain C.H. Robinson's trade secrets and other confidential information, including, but not limited to, any home and work computers, flash drives, PDAs, and other external storage devices.

1

4. Defendant also shall provide access for inspection, within seven (7) days of entry of this Order, to his email account at jsiek@cox.net and any other email accounts to which he has access.

5. Defendant and anyone acting on his behalf who receives notice of this order is hereby ordered to preserve any and all documents, data, information or other evidence that relates in any way to C.H. Robinson or that is or may be pertinent to any of the allegations, facts, claims or circumstances set forth in C.H. Robinson's Verified Complaint or this action, including, without limitation, any data on any computers or computer storage media owned, used by or under the control of Defendant or anyone acting in concert with him.

IT IS SO ORDERED:

DATED this _____ day of _____, 2008.

_____
UNITED STATES DISTRICT JUDGE