IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| C.H. ROBINSON WORLDWIDE, INC., a Delaware Corporation,<br><br>   Plaintiff,<br><br>v.<br><br>JEFFREY R. SIEKMANN, an individual,<br><br>   Defendant. | )<br>)<br>)<br>)<br>) Case No.: 08-CV-576<br>)<br>)<br>)<br>)<br>)<br>) |

### AGREED INJUNCTION AND DISMISSAL ORDER

This agreed Order coming before the Court by agreement of Plaintiff, C.H. Robinson Worldwide, Inc. ("C.H. Robinson") and Defendant, Jeffrey R. Siekmann ("Siekmann) (collectively the "Parties"), the Court having reviewed this Order and being versed in the matters herein, the Court hereby finds and concludes as follows:

WHEREAS, C.H. Robinson filed this action and emergency request for a temporary restraining order against Siekmann on or about January 25, 2008;

WHEREAS, this is a civil action for violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.* and the Illinois Trade Secrets Act, 765 ILCS § 1065 *et seq.*, and for breach of contract and conversion;

WHEREAS, C.H. Robinson alleged that Siekmann removed C.H. Robinson's confidential customer and business information from C.H. Robinson improperly;

WHEREAS, an emergency temporary restraining order was entered by the Court on or about January 29, 2008 after notice having been given to Siekmann;

WHEREAS, Siekmann was formally served with the complaint and supporting injunction papers in this matter on or about January 31, 2008;

WHEREAS, on February 7, 2008, a preliminary injunction was entered against Siekmann;

WHEREAS, Siekmann has not appeared in this matter;

WHEREAS, the Court has been informed by counsel for C.H. Robinson that Siekmann stated to counsel that he does not and cannot retain counsel, but that he wants to cooperate to resolve this matter amicably;

WHEREAS, Siekmann admits he removed C.H. Robinson's confidential information without authority;

WHEREAS, the Parties reached an agreement to resolve this matter amicably without further expense and disruption;

WHEREAS, the Parties had ample time to discuss this Order; and

WHEREAS, these recitals are material terms of this Order;

1. **Jurisdiction and Venue.**

    A.    Siekmann does not object to and submits to the jurisdiction of this Court and this venue for purposes of this matter and enforcement of this Order in any subsequent proceedings.

    B.    This Court has subject matter jurisdiction, personal jurisdiction over the parties and venue is proper in this Court.

2. **Representations and Warranties.**

    A.    Siekmann represents and warrants that he removed from C.H. Robinson confidential information regarding C.H. Robinson's business and its customers, as alleged in the complaint in this matter, and that he has not used, disclosed or copied such information since removing it from C.H. Robinson. The confidential information includes, but is not limited to, at

least 127 screen shots of customer information, three Excel files, one Word file and one PowerPoint, containing, for example, customer contact information, pricing, margins, past orders, credit information and customer preferences

  B. Siekmann represents and warrants that he has not provided C.H. Robinson's confidential information to any competitors of C.H. Robinsons and that all of C.H. Robinson's confidential information resides on Siekmann's home computer and/or in his e-mail account jsiek@cox.net.

  C. Siekmann and C.H. Robinson agree that Siekmann's representations and warranties are material terms of resolving this matter on which C.H. Robinson has relied. If Siekmann's representations or warranties are false or inaccurate, the dismissal of this matter shall become null and void and C.H. Robinson shall be free to re-open this matter and pursue Siekmann, and any other person or entity acting in concert with Siekmann or benefiting from Siekmann's actions, as if this matter had not been dismissed. In any event, the terms of this Order shall remain in full force and effect and C.H. Robinson shall be entitled to obtain additional relief in law and/or equity and shall be entitled to obtain additional injunctive relief and/or money damages.

  3. **Injunction.** The injunction restrictions below shall remain in effect through March 17, 2010:

  (I) Siekmann, his officers, agents, servants, employees, attorneys and all parties in active concert or participation with him, is permanently enjoined from using or disclosing any confidential or proprietary information of C.H. Robinson that Siekmann obtained from C.H. Robinson or learned of while employed by C.H. Robinson.

3

(II) Siekmann, his officers, agents, servants, employees, attorneys and all parties in active concert or participation with him, is permanently enjoined and ordered to account for and return to C.H. Robinson all originals and all copies of files, data, and information removed from C.H. Robinson, including, but not limited to, the confidential and proprietary customer information that Siekmann obtained from C.H. Robinson. Siekmann shall permit a computer expert hired by C.H. Robinson to inspect all computers and e-mail accounts, including, but not limited to, jsiek@cox.net, in Siekmann's control, possession and/or home in order to locate, identify and remove C.H. Robinson's confidential information permanently. This may also include computers and e-mail accounts used by Siekmann's wife and/or children. This inspection and removal shall occur at C.H. Robinson's expense, using reasonable care, reasonably respecting Siekmann's personal information and within fourteen (14) days of entry of this Order by the Court or at another time reasonably agreeable to the Parties.

(III) Siekmann, his officers, agents, servants, employees, attorneys and all parties in active concert or participation with him, is hereby ordered to turnover to C.H. Robinson all discs and removable electronic storage devices in his custody, possession and control on which C.H. Robinson's confidential information resides.

(IV) Siekmann, his officers, agents, servants, employees, attorneys and all parties in active concert or participation with him, is permanently enjoined from contacting or conducting logistics or freight brokering business with any C.H. Robinson customer whose information Siekmann removed, improperly accessed and/or

misappropriated from C.H. Robinson. C.H. Robinson shall provide Siekmann with a list of customers restricted by this paragraph within fourteen (14) days of entry of this Order and may amend such list after the computer and e-mail exam described above is conducted.

(V)   Siekmann, his officers, agents, servants, employees, attorneys and all parties in active concert or participation with him, is permanently enjoined from contacting or conducting business with any C.H. Robinson customer with whom Siekmann conducted business on behalf of C.H. Robinson within the twenty-four (24) months preceding January 25, 2008. C.H. Robinson shall provide Siekmann with a list of customers restricted by this paragraph within fourteen (14) days of entry of this Order.

(VI)  Siekmann, his officers, agents, servants, employees, attorneys and all parties in active concert or participation with him, is permanently enjoined and ordered to notify C.H. Robinson within seven (7) days of accepting new employment or work including the identity of his new employer, position and responsibilities.

(VII) Siekmann, his officers, agents, servants, employees, attorneys and all parties in active concert or participation with him, is permanently enjoined and ordered to provide any potential or actual employer with a copy of this Order before beginning work with the new employer. C.H. Robinson is authorized to contact any potential or actual employer of Siekmann regarding this Order and to provide any potential or actual employer with a copy of this Order.

CH1 11436464.1

4.      **Dismissal and No Release.**  This matter shall be dismissed without prejudice. This Court shall retain jurisdiction of this matter and these Parties to enforce this Order. This Order is not a release of the Parties herein and shall not release any third parties.

5.      **Counsel.**  Siekmann states that he has been provided with ample time to seek counsel in this matter, but has chosen to not seek counsel. Siekmann affirmatively states that he has not been provided with legal advice by counsel for C.H. Robinson. Further, Siekmann states that that counsel for C.H,. Robinson repeatedly inquired as to whether Siekmann had counsel and advised Siekmann that counsel for C.H. Robinson could not provide Siekmann with legal advice and, while cooperative, professional and fair, was not necessarily acting in Siekmann's best interests.

6.      **Attorney's Fees and Expenses.**      The Parties understand and agree that they will be solely responsible for all expenses incurred by them respectively or on their behalf in connection with this matter, including but not limited to their respective attorneys' fees, costs, and disbursements.

7.      **Full Knowledge, Consent and Voluntary Signing.**  The Parties acknowledge that each has been given a reasonable time in which to consider this Order, and that: (A) each has carefully read this Order and fully understands it meaning, intent and legal consequences; (B) each agrees to all the terms of the Order and is voluntarily signing below; (C) the consideration for this agreed Order is in addition to anything of value to which each is already entitled; (D) that each has not, will not and cannot rely on any representations not expressly made herein; and (E) the only consideration for signing this Order are the terms stated herein and no other promises or

representations of any kind have been made by any person or entity whatsoever to cause each to sign this Order.

8. **Applicable Law, Jurisdiction and Enforcement.** This Order shall be construed in accordance with the laws of the State of Illinois and any action brought to enforce this Agreement shall be brought in the federal courts of the Northern District of Illinois, Eastern Division, each Party agreeing to submit itself or himself to the jurisdiction of the federal courts of the Northern District of Illinois, Eastern Division without regard to conflicts of law principles or personal jurisdiction. This Order may be enforced through a rule to show cause and/or the contempt power of the Court after giving notice to Siekmann by U.S. mail, personal service, overnight courier, fax and/or e-mail.

9. **Severability**. The Parties agree that if any provision of this Order or application thereof is held to be invalid, the invalidity shall not affect other provisions or applications of this Order. The Parties agree that the Court shall have full authority to modify any provision herein that is overbroad or unenforceable to the extent necessary to make any such modified provision valid and enforceable.

10. **Counterparts and Facsimile.** This Order may be executed by the Parties in counterparts and by facsimile and each shall be deemed an original, but all shall together constitute one document.

11. **Waiver of Breach.** No waiver by any of the Parties hereto of a breach of any provision of this Order by any other party to this Order or of compliance with any condition or provision of this Order to be performed by such other party to this Order, will operate or be construed as a waiver of any subsequent breach by such other party to this Order. The failure of

7

any party to this Order to take any action by reason of such breach will not deprive such party to this Order of the right to take action at any time while such breach continues.

12.     **Assignment.** The benefits, rights, obligations and protections in this Order may in whole or in part be unilaterally assigned by C.H. Robinson. Should Siekmann wish to assign this Order, it may only be done with the express written consent of all the Parties.

**Agreed to by:**

C.H. Robinson Worldwide, Inc.

By: _____

Its: Vice President

3-31-08
Date

_____
Jeffrey R. Siekmann

3/21/2008
Date

Subscribed and sworn to before me this 21st day of March, 2008.



_____
Notary Public

IT IS SO ORDERED:

DATED this 8th day of April, 2008.

_____
UNITED STATES DISTRICT JUDGE

8

CH1 11436464.1